IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Harold Puckett,             )
                            )
        Plaintiff,           )
                            )   No. 06 C 3926
v.                          )
                            )   Honorable William J. Hibbler
Tandem Staffing Solutions, Inc., )
                            )
        Defendant.           )

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

Plaintiff Harold Puckett brought suit against Defendant Tandem Staffing Solutions, Inc. ("Tandem") alleging discrimination in violation of Title VII of the Civil Rights Act of 1964. The Court will not rehash the background of this case; however, four motions to compel later of which one resulted in sanctions, Plaintiff is now before the court with a second motion for sanctions and a motion for a protective order.

### II. DISCUSSION

District courts are given wide latitude in fashioning appropriate sanctions for inappropriate behavior. *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir.1999). The sanctions, however, should be proportionate to the offense, and default judgments -- the sanction Puckett seeks in this case -- should not be entered precipitately. *Sims v. EGA Prods.*, 475 F.3d 865, 868 (7th Cir.2007). Default judgment is appropriate where a lesser sanction under the circumstances would unfairly minimize the seriousness of the misconduct and fail to sufficiently deter such misconduct by others in the future. *REP MCR Realty, L.L.C. v. Lynch*, 363 F.Supp.2d 984, 997-98 (N.D.Ill.2005)(cataloguing cases wherein a party's document fabrication and/or perjury resulted in dismissal or default judgment).

This Court is granted authority to sanction Tandem and/or its counsel under either Federal Rule of Civil Procedure 37(b)(2) or the inherent power of the court. *Lynch*, 363 F.Supp.2d at 998. Rule 37(b)(2) indicates that a party's failure to obey a discovery order entered by the court is subject to sanctions. Additionally, the Court has the authority to sanction a litigant for bad faith conduct under the inherent powers of the court. *Diettrich v. Northwest Airlines. Inc.*, 168 F.3d 961, 964 (7th Cir.1999); *Lynch*, 363 F.Supp.2d at 998. An exercise of such powers, however, must be applied with caution. *Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 2002 U.S. Dist. LEXIS 11915, 2002 WL 1433717, *9 (N.D.Ill.2002)(citing *Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1059 (7th Cir.1998)). In order to impose such sanctions, we must find that Tandem displayed willfulness, bad faith or fault. *In re Thomas Consolidated Industries, Inc.*, 456 F.3d 719, 724 (7th Cir.2006). The burden to show such bad faith, by clear and convincing evidence, lies with the moving party. *Lynch*, 363 F.Supp.2d at 999.

Puckett encourages us to enter a default judgment against Tandem. Although we have the authority to enter a default judgment in extreme circumstances we do not think this case presents such egregious conduct to warrant such a punitive remedy. *See e.g. Quela v. Payco-general American Creidtas*, Inc., 2000 U.S. Dist. LEXIS 16865, 2000 WL 656681, *6 (N.D.Ill. 2000). A "default judgment should be used only in extreme situations, or when other less drastic sanctions have proven unavailing." *Yong-Qian Sun v. Bd. of Trs.*, 473 F.3d 799, 811 (7th Cir.2007);*Poulos v. Naas Foods, Inc.* 959 F.2d 69, 75 (7th Cir. 1992)(referring to dismissal as a "drastic sanction" and noting that "we have recommended that courts consider lesser sanctions before imposing default judgments."); *In re Thomas*, 456 F.3d at 724-25 (7th Cir. 2006);*Greviskes v. Universities Research Association, Inc.*, 417 F.3d 752, 759 (7th Cir. 2005)(imposing sanction of dismissal when plaintiff hid behind "a cloak of further fraud and deceit."). Default judgment was an appropriate remedy in Quela, where the witness was coerced

into falsely testifying. It was also an appropriate remedy in Lynch, where the defendant fabricated a number of documents and "the overall mix of evidence point[ed] in a synergistic way to a single conclusion." *Lynch*, 363 F.Supp.2d at 1004. In the instant case, Puckett did not present clear and convincing evidence that Tandem's counsel willfully and intentionally altered evidence to deceive this court.

The delays in this matter do not present the clear record of egregious behavior with which courts routinely support an order dismissing a cause of action as a sanction. Despite the apparent delays imposed by Tandem's failure to respond to Puckett's discovery requests, the discovery issues largely are failures of the parties to resolve their dispute informally and without the necessity of court involvement. At this stage, the dispute is largely focused upon the perceived inadequacy of Tandem's responses and not a steadfast, bad faith refusal to comply with the standards of the Federal Rules. Accordingly, the sanction of dismissal is premature.

While dismissal is not warranted, the Plaintiff is entitled to more thorough responses from Tandem to multiple interrogatories and requests for production of documents. A party is entitled to conduct discovery on any matter that is "relevant to the claim or defenses of any party." *Federal Rule of Civil Procedure 26(b)(1)*. As this Court has constantly reiterated, pursuant to the Federal Rules, relevancy in discovery includes information that may not be admissible, provided that "discovery appears reasonably calculated to lead to discovery of admissible evidence." *Rule 26(b)(1)*

The failure to disclose is properly remedied by an order compelling discovery. *Federal Rules of Civil Procedure 37(a)(2)(B), (a)(3), (a)(4)*. The burden to show why a particular discovery request is improper rests upon the objecting party. *Meyer v. Southern Pacific Lines*, 199 F.R.D. 610, 612 (N.D. Ill. 2001). Further, making such objections does not operate to transfer the burden to the party making the request. Rather, it is the objecting party's obligation to support its objection with specificity. *See*

*Burkybile v. Mitsubishi Motors Corp.*, 2006 U.S. Dist. LEXIS 57892, 2006 WL 2325506, (N.D. Ill. 2006)(collecting cases)("That burden cannot be met by a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is 'neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.'"). The court has broad discretion when reviewing a discovery dispute and "should independently determine the proper course of discovery based upon the arguments of the parties." *Gile v. United Airlines Inc.*, 95 F.3d 492, 496 (7th Cir. 1996).

Plaintiff argues that the requested sanction is warranted because Tandem has willfully failed to fully comply with several production requests. In particular, Puckett argues that Tandem has intentionally failed to produce emails from back-up tapes and has misleadingly blamed its lack of production on technical problems. Plaintiff alleges that Tandem intentionally damaged documents rendering an incomplete production. Plaintiff further argues that the documents provided by Tandem in its May 3, 2007 production contain invalid dates and a subsequent production on a hard drive contained a virus rendering the hard drive unreviewable. Tandem maintains that it has attempted to produce documents from the back-up tapes and has retained a third party vendor who has encountered several technical problems in its attempt to restore the tapes and retrieve the documents. Further, Tandem states that on May 11, 2007, pursuant to this Court's order it provided the emails from the back-up tapes in .msg format to Plaintiff. Tandem acknowledges that in its production a technical problem caused the notation of incorrect dates on several documents. Tandem provides that, after several attempts to correct the problem, it provided the corrected documents to Puckett on May 30, 2007. Upon review, this Court has before it no clear and convincing evidence that Tandem purposefully altered produced documentation or added viruses to its production.

4

In addition, Puckett provides that Tandem has only produced documents from ten out of the 34 back-up tapes and has refused to produce a set of monthly back-up tapes that contains electronic documents other than emails. With regard to Tandem's failure to produce all of the email back-up tapes, Tandem maintains that its third party vendor found that several of the tapes were unrestorable after several attempts to restore them, several tapes had file mark errors, and several tapes did not contain relevant information. The Court finds that Tandem has sufficiently responded to Plaintiff's request for production with respect to the back-up tapes containing emails. Further, in response to Plaintiff's requests for production of the back-up tapes containing documents, Tandem provides that it has failed to restore bank-up tapes with documents because it has produced these multiple documents in hard copy other than attachments as emails. As this information is reasonably calculated to lead to the discovery of admissible evidence, this Court believes that restoration of the back-up tapes containing documents is reasonable. Tandem has asserted that in its usual course of business it maintains its documentation in an electronic format. The Court will limit this request to production of the back-up tapes of documents saved to the network system from September 2004 until September 2005.

Next, Plaintiff maintains that Tandem failed to retrieve documents from various computers that may have been utilized by Puckett or his comparators. Plaintiff requests that Tandem search all of the computers at several of Tandem's Illinois offices, which may or may not have been utilized by Plaintiff or his comparators. The Court finds this request speculative and not reasonably calculated to lead to the discovery of admissible evidence. This request imposes an unreasonable burden on defendants. To answer plaintiffs' request, Defendant would have to examine an unknown number of computers in various offices, with the possibility that none of the relevant individuals utilized them. The Court will not order the Defendant to undertake such an unduly burdensome production.

Lastly, Puckett argues that Tandem recently disclosed a third individual, Erica Reger ("Reger") former Tandem Human Resource Manager, who may have been involved in Puckett's termination, without producing documents from her email account or files. Tandem alleges that documents from Reger's email were previously produced in February 2007 and in a more recent production in May 2007. Tandem is reminded of its duty to fully comply with the production of relevant documents. As such, Tandem is instructed to produce all documents regarding Reger's involvement with Puckett's termination, beyond the documents already previously produced.[1]

Lastly, Tandem argues that it was unfairly sanctioned by an ex parte Order entered by this Court on May 9, 2007 for its failure to comply with this Court's April 2, 2007 order that Tandem comply with production by May 2, 2007. Tandem contends that it was in full compliance with this Court's April 2, 2007 Order by producing documents to Puckett on May 2, 2007 although they were not in a .msg format as requested by Plaintiff. Tandem's narrow reading of this Court's Order is misplaced, as this Court explained in its May 9, 2007 Order, the Court imposed the sanction as a result of Tandem's failure to fully comply with this Court's April 2, 2007 Order to comply with production by May 2, 2007. Instead, on May 3, 2007 and by its own volition, Tandem filed a "Notice of Production" stating that it has "withheld 4,533 documents subject to final determination of privilege, and is continuing to review those documents and prepare an amended privilege log. When the review is complete, Defendant will provide such privilege lot [sic] as soon as reasonably possible, but no later than May 11, 2007, . . . and will produce a privilege log as soon as reasonably possible." Consequently, based upon Tandem's filing acknowledging that it had failed to issue all outstanding discovery as previously directed by this Court and its assertion that it planned to comply "as soon as reasonably possible", this Court imposed

---

[1] Defendant's Motion to file a surreply and Plaintiff's response to Defendant's motion to file a surreply are GRANTED. Both parties are reminded of this Court's standing orders regarding the timely filing of motions before the Cour.

sanctions for Tandem's failure to act in accordance with its prior Order. Tandem now asserts that it produced all documents that it withheld for the privilege review in the requested format on May 10, 2007. As the Court has found that Tandem has complied with its May 9, 2007 order, Tandem will be assessed a $400.00 sanction.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's second motion for sanctions and protective order is GRANTED in part and DENIED in part. Specifically, Plaintiff's motion for sanctions is DENIED. Defendant is ordered to produce of the back-up tapes of documents saved to the network system from September 2004 until September 2005. Defendant and Plaintiff will equally share the cost of this production. The Court orders both parties to provide an agreed list of terms to be searched in this production to the Court within 14 days of this Memorandum Opinion and Order. Lastly, Tandem is instructed to produce any documents, beyond documents previously produced, regarding Reger's involvement with Puckett's termination.

IT IS SO ORDERED.

6/27/07
DATE

HONORABLE WILLIAM J. HIBBLER
UNITED STATES DISTRICT COURT